UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT DEREK LURCH JR.,

                Plaintiff,

-against-

POLICE OFFICER DARIEL BERNAL,
ARRESTING OFFICER, NEWARK PD;
DOCTOR THAT ORDERED THE
SEDATIVES; JOHN DOE, OFFICER #1
(PARTNER OF A.O.),

                Defendants.

20-CV-9329 (CM)

ORDER

COLLEEN McMAHON, United States District Judge:

      Plaintiff filed this action *pro se*, alleging that on September 26, 2020, he was falsely arrested in Newark, New Jersey, and that during the course of that arrest, Defendant Bernal used excessive force against him. By order dated November 9, 2020, the Court found that Plaintiff had accumulated three strikes under the Prison Litigation Reform Act (PLRA), and he was therefore barred under 28 U.S.C. § 1915(g) from filing any actions *in forma pauperis* (IFP).[1] *See Lurch v. City of New York*, ECF1:18-CV-2379, 11 (S.D.N.Y. June 12, 2018) (dismissed for failure to state a claim); *Lurch v. N.Y.C. Dep't of Corr.*, ECF 1:16-CV-3835, 11 (S.D.N.Y. Nov. 11, 2016) (dismissed for failure to state a claim); *Lurch v. Fayetteville Police Dep't*, No. 5:13-CV-0394 (BO), 2013 WL 12172637 (E.D.N.C. June 7, 2013), *adopted sub nom.*, *Lurch v. Fayetteville Police Dep't & the Pantry, Inc.*, ECF 5:13-CV-0394, 13, 2013 WL 12172877 (July 31, 2013) (dismissed as frivolous). In that order, the Court granted Plaintiff thirty days' leave to submit a

---

[1] Because Newark, New Jersey is not located in this district, *see* 28 U.S.C. § 112(b), even if Plaintiff was not barred under 28 U.S.C. § 1915(g), jurisdiction for his claims would not be proper in this Court.

declaration showing that, while a prisoner, he had not filed three or more actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim.

Plaintiff did not respond to the Court's November 9, 2020 order, and by order dated December 21, 2020, the Court denied Plaintiff's request to proceed IFP, and the complaint was dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g). Approximately 11 months later, on January 19, 2022, Plaintiff filed "Plaintiff's Motion to Reinstate Civil Matter due to Erroneous Barred Finding under Three Strike[s] Rule." (ECF No. 6.) In this motion, Plaintiff submits that he was not detained or incarcerated when he filed this action; he asserts that he filed the action "in-person at 500 Pearl Street." (*Id.* at 1.) Plaintiff therefore seeks to have this case reopened and transferred to New Jersey.

The Court liberally construes these submissions as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or

discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

A review of the Court's records reveals that the complaint in this case was received by mail in an envelope addressed to the Court with a Rikers Island return address listed for Plaintiff. (ECF No. 1 at 13.) It appears therefore that Plaintiff was incarcerated when he filed this action. The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Accordingly, Plaintiff's motion for reconsideration (ECF No. 6) is denied. If Plaintiff wishes to pursue his false arrest and excessive force claims, he may file a new civil action in the United States District Court for the District of New Jersey.

Plaintiff's case in this Court under Docket No. 20-CV-9329 is closed. The court will only accept for filing documents that are directed to the Second Circuit Court of Appeals. If Plaintiff attempts to file other documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why Plaintiff should not be barred from filing further documents in this action.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: January 19, 2022
New York, New York

_____
COLLEEN McMAHON
United States District Judge